Petition for Writ of Mandamus Dismissed and Opinion filed February 12,
2009








Petition
for Writ of Mandamus Dismissed and Opinion filed February 12, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00109-CR

____________

 

IN RE JOHN WHITSON, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M  O P I N I O N

On
January 27, 2009, Relator, John Whitson, filed a petition for writ of mandamus
in this court.  See Tex. Gov=t Code Ann '22.221 (Vernon 2004); see  also  Tex. R. App. P. 52.1.  In his
petition, relator asks that this court order the respondent, the Honorable Jim
Wallace, presiding judge of the 263rd District Court, to rule on his motion to
review the trial record.  Relator asserts he needs a copy of the trial record
to prepare an application for post-conviction writ of habeas corpus pursuant to
article 11.07 of the Code of Criminal Procedure.  We do not have jurisdiction
over this original proceeding and dismiss the petition.








While
courts of appeals have mandamus jurisdiction in criminal matters, only the
Court of Criminal Appeals has jurisdiction in final post-conviction habeas
corpus proceedings.  Tex. Code Crim.
Proc. Ann. art. 11.07 (Vernon Supp. 2008); In re Bailey,
14-06-00841-CV, 2006 WL 2827249 (Tex. App.CHouston [14th Dist.] 2006, orig.
proceeding); In re McAfee, 53 S.W.3d 715, 717 (Tex. App.CHouston [1st Dist.] 2001, orig.
proceeding).  The courts of appeals have concurrent mandamus jurisdiction with
the Court of Criminal Appeals in some post-conviction proceedings.  Padilla
v. McDaniel, 122 S.W.3d 805, 808 (Tex. Crim. App. 2003).  Because relator
ties his right to mandamus relief specifically to his intent to file a
post-conviction application for writ of habeas corpus, we conclude we do not
have jurisdiction over the complaint.  See McCree v. Hampton, 824
S.W.2d 578, 579 (Tex. Crim. App. 1992) (Court of Criminal Appeals has
jurisdiction to order the trial court to rule on applicant=s post-conviction writ of habeas
corpus.); In re Curry, 05-08-00064-CV, 2008 WL 311018 (Tex. App.CDallas 2008, orig. proceeding) (memo.
op.) (jurisdiction lies with the Court of Criminal Appeals when relator seeks
record of trial proceeding for purpose of filing post-conviction writ of habeas
corpus).

Accordingly,
the petition for writ of mandamus is ordered dismissed.

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R.
App. P. 47.2(b).