**Ex parte Tracy Allen TRAINER, Applicant.**

**No. AP–74954.**

Court of Criminal Appeals of Texas.

Nov. 2, 2005.

Rehearing Denied Jan. 25, 2006.

Vincent D. Callahan, San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, Matthew Paul, State's Attorney, Austin, for state.

MEYERS, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

Applicant filed an application for a writ of habeas corpus, requesting an out-of-time petition for discretionary review. He claimed that he was unable to file a petition because he was not provided with a complete copy of the record. At the hearing held by the trial court, the applicant received a copy of the record; however, applicant claims that the record provided to him is still not complete. This Court requested briefing on the issue of whether the United States Constitution, the Texas Constitution, or any statute requires that an appellant who wishes to pursue a *pro se* petition for discretionary review be provided a free copy of the trial record. We hold that there is no such requirement.

Texas Rule of Appellate Procedure 20.2 deals with an indigent appellant's request for a free copy of the appellate record. The rule allows for the reporter who transcribes the record to be paid from the general funds of the county in which the offense was committed if the trial court finds that the appellant cannot pay for the record. However, the rule specifies that it is applicable only to the period "within the time for perfecting the appeal."[1] The time a criminal defendant has to perfect an appeal is listed under Rule of Appellate Procedure 26.2 as within 30 days after the day the sentence is imposed or suspended

---

1. Within the time for perfecting the appeal, an appellant who is unable to pay for the appellate record may, by motion and affidavit, ask the trial court to have the appellate record furnished without charge. If after hearing the motion the court finds that the appellant cannot pay or give security for the appellate record, the court must order the reporter to transcribe the proceedings. When the court certifies that the appellate record has been furnished to the appellant, the reporter must be paid from the general funds of the county in which the offense was committed, in the amount set by the trial court.

in open court, or after the day the trial court enters an appealable order; or within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. These time limits refer only to a defendant's right to appeal under Code of Criminal Procedure Article 44.02 and do not apply to discretionary review before this Court. Unlike a defendant's right to an initial appeal under Code of Criminal Procedure Article 44.02, review by this Court is not a matter of right. *See* Texas Rule of Appellate Procedure 66.2; Texas Constitution Article V, § 5(b). While an appellant has a right to file a petition for discretionary review with this Court,[2] there is no requirement that the petition include a copy of the trial record,[3] so failure to provide a free copy of the record to the appellant does not violate his right to file the petition. We find no rule indicating that the convicting county must provide a free copy of the trial record to an appellant who wishes to file a *pro se* petition for discretionary review. In *Ex Parte Jarrett,* 891 S.W.2d 935 (Tex.Crim.App. 1995), we stated, "We adhere to our settled position that indigent defendants are not entitled by the Constitution or laws of Texas or of the United States to the assistance of counsel for purposes of pursuing discretionary post-conviction remedies. Accordingly, an indigent defendant may not compel the appointment of counsel at state expense to seek such remedies on his behalf." *Id.* at 943 (citation omitted). Similarly, indigent defendants are not entitled to a copy of the trial record at county expense. It would be extremely costly to require trial courts to provide a free copy of the trial record so that a defendant may file a *pro se* petition for discretionary review. Allocation of such funds for a petition of discretionary review is a matter for the legislature, not for this Court.

Additionally, the distinction between an appellant's right to an initial appeal and the discretionary nature of review before this Court indicates that the county's failure to provide a free copy of the trial record to an appellant who wishes to file a *pro se* petition for discretionary review is not a violation of the appellant's constitutional rights. We hold that nothing in the United States Constitution, the Texas Constitution, or any statute or rule requires the convicting county to provide a free copy of the trial record to an appellant for purposes of filing a *pro se* petition of discretionary review.

Relief is denied.

WOMACK, J., concurred.

---

2. See Code of Criminal Procedure Article 44.45(b).

3. See Rule of Appellate Procedure 68.4 regarding the Contents of Petition. The rule specifically states in section (f) that *"If the petitioner has access to the record, the petitioner must (after each ground) refer to the page of the record where the matter complained of is found,"* (emphasis added), indicating that it is not necessary for the petitioner to have access to the record in order to file a petition for discretionary review.