

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-10-00217-CR

_____

### IN RE:   CURLEY JEFFERSON

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Curley Jefferson has filed a petition for writ of mandamus seeking various records, pleadings, and evidence, but without specifying the person or persons against whom he would have us issue such a writ. Because he has not established that any district or county court has failed in doing a required ministerial act, we deny Jefferson's petition.

Jefferson originally filed a petition for writ of mandamus with the Texas Court of Criminal Appeals.[1] That court denied his petition without a written order. *In re Jefferson*, No. WR-74,910-01 (Tex. Crim. App. Nov. 10, 2010) (orig. proceeding [leave denied]) (without opinion).[2] In the petition to this Court, Jefferson states he had previously filed a petition for writ of mandamus with the Texas Court of Criminal Appeals and that he now sends "this Original Application" for writ of mandamus and forwards "the same request for petition" to this Court. We will presume Jefferson intended to incorporate his complaints in his original petition for writ of mandamus into the petition for writ of mandamus with this Court. Neither petition, though,

[1]Both petitions, the one filed with the Texas Court of Criminal Appeals and the one filed with this Court, are styled as being in the "County Criminal Court No. 276 Marion County, Texas." This Court takes judicial notice that the 276th Judicial District Court's jurisdiction includes Marion County. Jefferson's petition for writ of mandamus clearly indicates he is requesting relief from an appellate court, despite being styled as being before the district court. The original petition "prays that the **Court of Appeals** grant his **MANDAMUS**. . . ."

[2]In Jefferson's petition for writ of mandamus to this Court, Jefferson states the Texas Court of Criminal Appeals denied his petition citing *Padilla v. McDaniel*, 122 S.W.3d 805, 808 (Tex. Crim. App. 2003) ("We hold that when a court of appeals and this court have concurrent, original jurisdiction of a petition for a writ of mandamus against the judge of a district or county court, the petition should be presented first to the court of appeals unless there is a compelling reason not to do so."). Although the postcard from the Texas Court of Criminal Appeals cited *Padilla*, the Texas Court of Criminal Appeals did not issue an opinion in denying Jefferson's petition.

2

clearly specifies against whom Jefferson is seeking relief.   In his original petition, Jefferson prays

relief be granted for the following:

1.  The record of the grand <u>jury selection</u>, including; age, <u>race</u>, and <u>sex</u>
2.  The records of the <u>grand jury instruction</u>, <u>disclosures'</u>, and <u>transcripts</u>
3.  The records (copies) of <u>indictments</u> for Curley Jefferson and Kelvis Brannon
4.  The record (copy) of the <u>arrest warrant case # 09-46-136</u>
5.  The record of probation; <u>Fees paid</u>, <u>hours completed</u> and <u>probationers monthly summery</u> notes
6.  The <u>accurate</u> records of <u>Transcripts'</u> and a copy of the <u>recorded audio</u>
7.  Copy of <u>PDR</u>, filed by attorney, and a copy of the <u>motion to suppress attorney</u> filed
8.  The <u>evidence</u> requested but never given in the <u>Motion for Discovery filed July 21,</u> 2009
    A.   (1) Police reports: (4) Game Warden: Rob Furlow, (6) CI sworn affidavit
    B.   (2) Pictures, Photos, & Communication Evidence: Police compliant no. # 09-46-136
        1.   <u>(A) Pictures of all evidence seized</u> SEE: (8) and (1-9) in motion for records all suspected narcotics.   Where Jayson states "Photographs of all the items were taken in the location they were found" and the pictures of 2.   Tanita model 1479 digital scale and Fw-250 Digital scale taken in the location they were found

(Errors in original).

To be entitled to mandamus relief, a relator must show that he or she has no adequate

remedy at law to redress the alleged harm and that he or she seeks to compel a ministerial act, not

involving a discretionary or judicial decision.   *State ex rel. Young v. Sixth Judicial Dist. Court of*

*Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).   An act is

ministerial if it constitutes a duty clearly fixed and required by law.   *State ex rel. Curry v. Gray*,

726 S.W.2d 125, 128 (Tex. Crim. App. 1987).

3

To the extent Jefferson's petition could be interpreted to seek relief against parties other than a district court, we lack jurisdiction to grant his request. Presumably all of these records would be in the custody of the District Clerk of Marion County, and this Court does not have mandamus jurisdiction over district clerks. *In re Rodriguez*, No. 06-08-00122-CV, 2008 Tex. App. LEXIS 7972 (Tex. App.—Texarkana Oct. 22, 2008, orig. proceeding) (mem. op.); *In re Coronado*, 980 S.W.2d 691, 692–93 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam) (for district clerk to fall within jurisdictional reach of court of appeals, must establish that mandamus is necessary to enforce court of appeals' jurisdiction). This Court's mandamus jurisdiction, except when necessary to enforce our jurisdiction, is limited to district courts or county courts. TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004). To the extent Jefferson seeks relief against parties other than the district court, we deny his request.

To the extent that Jefferson complains about the district court denying one or more motions seeking records, Jefferson has failed to establish the trial court had a ministerial duty to grant his request. A ministerial act is one which is to be accomplished without the exercise of discretion or judgment. *Curry*, 726 S.W.2d at 128. Deciding how to rule on a motion requesting discretionary relief is not a ministerial act. *Id.*; *In re Birdwell*, 224 S.W.3d 864, 865 (Tex. App.—Waco 2007, orig. proceeding); *see Buntion v. Harmon*, 827 S.W.2d 945, 947 n.2 (Tex. Crim. App. 1992) (relator must show "a clear right to the relief sought").

Jefferson requests copies of his indictment, the motion to suppress, and motion for discovery.[3] An indigent criminal defendant has a right to receive, while pursuing a direct appeal, one copy of the appellate record without payment. TEX. R. APP. P. 20.2; *Ex parte Trainer*, 181 S.W.3d 358 (Tex. Crim. App. 2005). Jefferson was appointed an attorney to represent him on appeal. Jefferson's attorney filed an appeal raising several points of error and also filed a petition for discretionary review, which was refused. *See Jefferson v. State*, No. 06-09-00149-CR, 2009 Tex. App. LEXIS 9407 (Tex. App.—Texarkana Dec. 11, 2009, pet. ref'd). The mandate was issued May 17, 2010. Even if Jefferson has been declared indigent, he has failed to establish that neither he nor his appellate attorney were provided with a free copy of the record on direct appeal. Jefferson has failed to establish he is entitled to an additional copy of the record after the direct appeal has been concluded. *See Trainer*, 181 S.W.3d 358.

Jefferson's remaining requests are essentially requests for discovery after the resolution of his direct appeal. Jefferson alleges these documents are needed to prosecute his appeal. However, Jefferson's direct appeal has been resolved and this Court's mandate has issued. Further, Jefferson does not allege he is entitled to the documents as discovery under Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010). The Texas courts have recognized that "the exclusive post-conviction remedy in

---

[3]Jefferson also requests "accurate records of transcripts." Jefferson is not complaining that he failed to receive a copy of his appellate record. Jefferson is complaining that the appellate record is not accurate—not that he failed to receive the reporter's record.

5

final felony convictions in Texas courts is through a writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. art. 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *accord In re Harrison*, 187 S.W.3d 199, 200 (Tex. App.—Texarkana 2006, orig. proceeding). Jefferson has failed to demonstrate the trial court had a ministerial duty to grant his motion.

For the reasons stated, we deny Jefferson's petition for writ of mandamus.


Josh R. Morriss, III
Chief Justice


Date Submitted:     December 16, 2010
Date Decided:       December 17, 2010

Do Not Publish