In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00217-CR

                                                ______________________________

 

 

 

                                                   IN
RE:  CURLEY JEFFERSON

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Curley Jefferson has filed a
petition for writ of mandamus seeking various records, pleadings, and evidence,
but without specifying the person or persons against whom he would have us
issue such a writ.  Because he has not
established that any district or county court has failed in doing a required
ministerial act, we deny Jefferson’s petition.

            Jefferson originally filed a
petition for writ of mandamus with the Texas Court of Criminal Appeals.[1]  That court denied his petition without a
written order.  In re Jefferson, No. WR-74,910-01 (Tex. Crim. App. Nov. 10, 2010)
(orig. proceeding [leave denied]) (without opinion).[2]  In the petition to this Court, Jefferson
states he had previously filed a petition for writ of mandamus with the Texas
Court of Criminal Appeals and that he now sends “this Original Application” for
writ of mandamus and forwards “the same request for petition” to this
Court.  We will presume Jefferson
intended to incorporate his complaints in his original petition for writ of
mandamus into the petition for writ of mandamus with this Court.  Neither petition, though, clearly specifies
against whom Jefferson is seeking relief. 
In his original petition, Jefferson prays relief be granted for the
following:

1.  The record of the grand jury selection,
including; age, race, and sex

2.  The records of the grand jury instruction,
disclosures’, and transcripts

3.  The records (copies) of indictments
for Curley Jefferson and Kelvis Brannon

4.  The record (copy) of the arrest warrant
case # 09-46-136

5.  The record of probation; Fees paid, hours
completed and probationers monthly summery notes

6.  The accurate records of Transcripts’
and a copy of the recorded audio

7.  Copy of PDR, filed by attorney, and a
copy of the motion to suppress attorney filed

8.  The evidence requested but never given
in the Motion for Discovery filed July 21, 2009

A.  (1) Police reports: (4) Game Warden: Rob
Furlow, (6) CI sworn affidavit

B.  (2) Pictures, Photos, & Communication
Evidence: Police compliant no. # 09-46-136

1.  (A) Pictures of all evidence seized
SEE: (8) and (1-9) in motion for records all suspected narcotics.  Where Jayson states “Photographs of all the
items were taken in the location they were found” and the pictures of 2.  Tanita model 1479 digital scale and Fw-250
Digital scale taken in the location they were found

 

(Errors
in original).

 

            To be entitled to mandamus relief, a relator must show
that he or she has no adequate remedy at law to redress the alleged harm and
that he or she seeks to compel a ministerial act, not involving a discretionary
or judicial decision.  State ex rel.
Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236 S.W.3d
207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  An act is ministerial if it constitutes a
duty clearly fixed and required by law.  State
ex rel. Curry v. Gray, 726
S.W.2d 125, 128 (Tex. Crim. App. 1987).

            To the extent Jefferson’s petition
could be interpreted to seek relief against parties other than a district
court, we lack jurisdiction to grant his request.  Presumably all of these records would be in
the custody of the District Clerk of Marion County, and this Court does not
have mandamus jurisdiction over
district clerks.  In re Rodriguez, No. 06-08-00122-CV,
2008 Tex. App. LEXIS 7972 (Tex. App.—Texarkana Oct. 22, 2008, orig. proceeding)
(mem. op.); In re Coronado, 980 S.W.2d 691, 692–93 (Tex. App.—San
Antonio 1998, orig. proceeding) (per curiam) (for district clerk to fall within jurisdictional reach of court of
appeals, must establish that mandamus
is necessary to enforce court of appeals’ jurisdiction).  This Court’s
mandamus jurisdiction, except when necessary to enforce our jurisdiction, is
limited to district courts or county courts. 
Tex. Gov’t Code Ann. § 22.221 (Vernon 2004).  To the extent Jefferson seeks relief against
parties other than the district court, we deny his request.

            To the extent that Jefferson
complains about the district court denying one or more motions seeking records,
Jefferson has failed to establish the trial court had a ministerial duty to
grant his request.  A ministerial act is
one which is to be accomplished without the exercise of discretion or
judgment.  Curry, 726 S.W.2d at 128.  Deciding how to rule on a motion
requesting discretionary relief is not a ministerial act.  Id.; In re Birdwell, 224 S.W.3d 864, 865 (Tex. App.—Waco
2007, orig. proceeding); see Buntion v. Harmon, 827 S.W.2d 945, 947 n.2 (Tex. Crim. App. 1992) (relator must
show “a clear right to the relief sought”).

 

 

 

            Jefferson requests copies of his
indictment, the motion to suppress, and motion for discovery.[3]  An indigent criminal defendant has a right to
receive, while pursuing a direct appeal, one copy of the appellate record
without payment.  Tex. R. App. P. 20.2; Ex
parte Trainer, 181 S.W.3d 358 (Tex. Crim. App. 2005).  Jefferson was appointed an attorney to
represent him on appeal.  Jefferson’s
attorney filed an appeal raising several points of error and also filed a
petition for discretionary review, which was refused.  See Jefferson v. State, No. 06-09-00149-CR,
2009 Tex. App. LEXIS 9407 (Tex. App.—Texarkana Dec. 11, 2009, pet. ref’d).  The mandate was issued May 17, 2010.  Even if Jefferson has been declared indigent,
he has failed to establish that neither he nor his appellate attorney were
provided with a free copy of the record on direct appeal.  Jefferson has failed to establish he is
entitled to an additional copy of the record after the direct appeal has been
concluded.  See Trainer, 181 S.W.3d
358.  

            Jefferson’s remaining requests are
essentially requests for discovery after the resolution of his direct
appeal.  Jefferson alleges these
documents are needed to prosecute his appeal. 
However, Jefferson’s direct appeal has been resolved and this Court’s
mandate has issued.  Further, Jefferson
does not allege he is entitled to the documents as discovery under Article
11.07 of the Texas Code of Criminal Procedure. 
See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp.
2010).  The Texas courts have recognized
that “the exclusive
post-conviction remedy in final felony convictions in Texas courts is through a
writ of habeas corpus pursuant to Tex.
Code Crim. Proc. art. 11.07.”  Olivo v. State, 918 S.W.2d 519, 525
n.8 (Tex. Crim. App. 1996); accord In re Harrison, 187 S.W.3d 199, 200
(Tex. App.—Texarkana 2006, orig. proceeding). 
Jefferson has failed to demonstrate the trial court had a ministerial
duty to grant his motion.

            For the reasons stated, we deny
Jefferson’s petition for writ of mandamus.

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          December 16, 2010

Date
Decided:             December 17, 2010

 

Do
Not Publish











[1]Both
petitions, the one filed with the Texas Court of Criminal Appeals and the one
filed with this Court, are styled as being in the “County Criminal Court No.
276 Marion County, Texas.”  This Court
takes judicial notice that the 276th  Judicial District Court’s jurisdiction
includes Marion County.  Jefferson’s
petition for writ of mandamus clearly indicates he is requesting relief from an
appellate court, despite being styled as being before the district court.  The original petition “prays that the Court of Appeals grant his MANDAMUS. . . .”  

 





[2]In
Jefferson’s petition for writ of mandamus to this Court, Jefferson states the
Texas Court of Criminal Appeals denied his petition citing Padilla v. McDaniel, 122 S.W.3d 805, 808 (Tex. Crim. App. 2003) (“We
hold that when a court of appeals and this court have concurrent, original
jurisdiction of a petition for a writ of mandamus against the judge of a
district or county court, the petition should be presented first to the court
of appeals unless there is a compelling reason not to do so.”).   Although the postcard from the Texas Court
of Criminal Appeals cited Padilla,
the Texas Court of Criminal Appeals did not issue an opinion in denying
Jefferson’s petition.





[3]Jefferson
also requests “accurate records of transcripts.”  Jefferson is not complaining that he failed
to receive a copy of his appellate record. 
Jefferson is complaining that the appellate record is not accurate—not
that he failed to receive the reporter’s record.