02-11-490-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.  02-11-00490-CR

 

 


 
 
 Warren Teel
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 396th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

On November
24, 2010, this court affirmed Appellant Warrant Teel’s conviction for aggravated
robbery with a deadly weapon.[2]  Appellant subsequently
filed an application for writ of habeas corpus, seeking permission to file an
out-of-time petition for discretionary review, and the trial court recommended
that relief be granted.[3]  On October 14, 2011,
Appellant filed with the trial court a “Request for a Free Copy of Clerk’s and
Reporter’s Records,” which the trial court denied on October 20, 2011. 
Appellant then filed notice of this attempted appeal.

On November
15, 2011, we notified Appellant of our concern that we lacked jurisdiction over
this appeal, and we informed him that the appeal would be dismissed for want of
jurisdiction unless he or any party desiring to continue the appeal filed with
the court a response showing grounds for continuing the appeal.  See
Tex. R. App. P. 43.2(f).  Appellant filed a response, but it does not present
grounds for continuing this appeal.

An
intermediate court of appeals is not vested with jurisdiction to consider an
appeal from an order denying a request for a free copy of the trial proceedings
when such request is not presented in conjunction with the direct appeal of the
underlying case.  See Self v. State, 122 S.W.3d 294, 294–95 (Tex. App.—Eastland
2003, no pet.); Everett v. State, 91 S.W.3d 386, 386 (Tex. App.—Waco
2002, no pet.); see also Wheeler v. State, No. 02-06-00008-CR, 2006 WL
496015, at *1 (Tex. App.—Fort Worth Mar. 2, 2006, no pet.) (mem. op., not
designated for publication); Binder v. State, No. 02-03-00300-CR, 2003
WL 22430174, at *1 (Tex. App.—Fort Worth Oct. 23, 2003, no pet.) (mem. op., not
designated for publication).  Here, although Appellant has been granted
permission to file an out-of-time petition for discretionary review, the court
of criminal appeals has held that “nothing in the United States Constitution,
the Texas Constitution, or any statute or rule requires the convicting county
to provide a free copy of the trial record to an appellant for purposes of filing
a pro se petition of discretionary review.”  Ex parte Trainer, 181
S.W.3d 358, 359 (Tex. Crim. App. 2005) (orig. proceeding).  Accordingly, we
dismiss this appeal for want of jurisdiction.  See Tex. R. App. P.
43.2(f).

 

PER CURIAM

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 22,
2011









[1]See Tex. R. App. P. 47.4.





[2]See Teel v. State,
No. 02-09-00150-CR, 2010 WL 4812994, at *1–2 (Tex. App.—Fort Worth Nov. 24,
2010, no pet.) (mem. op., not designated for publication).





[3]See Ex parte Teel,
No. AP-76685, 2011 WL 5437560, at *1 (Tex. Crim. App. Nov. 9, 2011) (not
designated for publication).  The court of criminal appeals agreed with the
trial court and granted Appellant’s request for permission to file an
out-of-time petition for discretionary review.  Id.