

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00490-CR

WARREN TEEL                                                    APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On November 24, 2010, this court affirmed Appellant Warrant Teel's conviction for aggravated robbery with a deadly weapon.[2] Appellant subsequently filed an application for writ of habeas corpus, seeking permission to file an out-of-time petition for discretionary review, and the trial court

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See Teel v. State*, No. 02-09-00150-CR, 2010 WL 4812994, at *1–2 (Tex. App.—Fort Worth Nov. 24, 2010, no pet.) (mem. op., not designated for publication).

recommended that relief be granted.[3]  On October 14, 2011, Appellant filed with the trial court a "Request for a Free Copy of Clerk's and Reporter's Records," which the trial court denied on October 20, 2011.  Appellant then filed notice of this attempted appeal.

On November 15, 2011, we notified Appellant of our concern that we lacked jurisdiction over this appeal, and we informed him that the appeal would be dismissed for want of jurisdiction unless he or any party desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal.  *See* Tex. R. App. P. 43.2(f).  Appellant filed a response, but it does not present grounds for continuing this appeal.

An intermediate court of appeals is not vested with jurisdiction to consider an appeal from an order denying a request for a free copy of the trial proceedings when such request is not presented in conjunction with the direct appeal of the underlying case.  *See Self v. State*, 122 S.W.3d 294, 294–95 (Tex. App.— Eastland 2003, no pet.); *Everett v. State*, 91 S.W.3d 386, 386 (Tex. App.—Waco 2002, no pet.); *see also Wheeler v. State*, No. 02-06-00008-CR, 2006 WL 496015, at *1 (Tex. App.—Fort Worth Mar. 2, 2006, no pet.) (mem. op., not designated for publication); *Binder v. State*, No. 02-03-00300-CR, 2003 WL 22430174, at *1 (Tex. App.—Fort Worth Oct. 23, 2003, no pet.) (mem. op., not

---

[3]*See Ex parte Teel*, No. AP-76685, 2011 WL 5437560, at *1 (Tex. Crim. App. Nov. 9, 2011) (not designated for publication).  The court of criminal appeals agreed with the trial court and granted Appellant's request for permission to file an out-of-time petition for discretionary review.  *Id.*

designated for publication). Here, although Appellant has been granted permission to file an out-of-time petition for discretionary review, the court of criminal appeals has held that "nothing in the United States Constitution, the Texas Constitution, or any statute or rule requires the convicting county to provide a free copy of the trial record to an appellant for purposes of filing a pro se petition of discretionary review." *Ex parte Trainer*, 181 S.W.3d 358, 359 (Tex. Crim. App. 2005) (orig. proceeding). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 22, 2011