**Order filed May 6, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-10-00448-CR
## NO. 14-10-00449-CR
_____

**DENWITT ZACK WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1207434 & 1207435**

---

## ORDER

This court affirmed appellant's convictions for aggravated robbery and felon in possession of a firearm, and the Texas Court of Criminal Appeals refused appellant's petition for discretionary review. *See Williams v. State,* Nos. 14-10-00448-CR & 14-10-00449-CR, 2011 WL1662951 (Tex. App.—Houston [14th Dist.] May 3, 2011, pet. ref'd) (not designated for publication). On April 2, 2014, the Texas Court of Criminal Appeals denied appellant's application for post-

conviction writs of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See Ex parte Williams,* Nos. WR-61,380-02 & WR-61,380-03 (Tex. Crim. App. Apr. 2, 2014) (denying application without written order based on trial court's findings). Appellant now seeks copies of his trial records and records related to his application for post-conviction writs without payment of costs for use in preparation of another application for post-conviction writs of habeas corpus.

An indigent criminal defendant is entitled to a free record for his direct appeal. *See Britt v. North Carolina*, 404 U.S. 226, 227, 92 S.Ct. 431, 433 (1971); *see also Abdnor v. State*, 712 S.W.2d 136, 139 (Tex. Crim. App. 1986). The United States Constitution does not mandate that an indigent criminal defendant be provided a free record of prior proceedings for use in pursuing post-conviction habeas corpus relief. *See United States v. MacCollom*, 426 U.S. 317, 322–23, 328, 96 S.Ct. 2086, 2090, 2093 (1976). While federal statutes may provide indigent defendants access to a free record in some circumstances, Texas has no such requirement. *See, e.g.,* 28 U.S. § 753(f).

In Texas, a criminal defendant is not entitled to a free copy of the record once he has exhausted his direct appeal, absent some compelling, recognized reason. *See Eubanks v. Mullin*, 909 S.W.2d 574, 576–77 (Tex. App.—Fort Worth 1995, orig. proceeding). Indigent defendants are also not entitled to a copy of the trial record at county expense to pursue a pro se petition for discretionary review. *Ex parte Trainer*, 181 S.W.3d 358, 359 (Tex. Crim. App. 2005). There is no general duty to provide trial records without charge for the purpose of seeking post-conviction habeas corpus relief. *Escobar v. State,* 880 S.W.2d 782, 784 (Tex. App.—Houston [1st Dist.] pet. ref'd). A free record is available for seeking post-conviction habeas relief only if the defendant shows the habeas corpus application

is not frivolous and there is a specific need for the trial records that are sought. *See In re Strickhausen*, 994 S.W.2d 936, 937 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding).

Appellant has made no such showing in this case. Accordingly, we **DENY** appellant's request to be provided with copies of his trial records without cost.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Donovan and Brown.