Petition for Writ of Mandamus
Denied and Memorandum Opinion filed May 17, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00405-CR

____________

 

IN RE HENRY GRADNEY, II, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

   248th District Court

   Harris County, Texas

Trial Court Cause No. 125170601010

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 

 



M E M O R
A N D U M   O P I N I O N

            On May 9, 2011, relator filed a petition for writ of mandamus
in this court.  See Tex. Gov’t Code Ann. § 22.221 (Vernon 2004); see
also Tex. R. App. P. 52.  In the petition, relator seeks an order directing
the First Court of Appeals to grant his motion to withdraw his plea of nolo
contendere.

This Court’s mandamus jurisdiction is governed by section
22.221 of the Texas Government Code.  Section 22.221 expressly limits the
mandamus jurisdiction of the courts of appeals to:  (1) writs against a
district court judge or county court judge in the court of appeals’ district,
and (2) all writs necessary to enforce the court of appeals' jurisdiction. 
Tex. Gov’t Code Ann. § 22.221 (Vernon 2004).  Because the petition for writ of
mandamus is directed toward another court of appeals and is not necessary to
enforce this court’s jurisdiction, we have no jurisdiction.  See Tex.
Gov’t Code Ann. § 22.221(b)(1).  

Even if the petition had been directed to this court, we
would still have no jurisdiction.  The courts of appeals have concurrent mandamus
jurisdiction with the Court of Criminal Appeals in some post-conviction
proceedings.  Padilla v. McDaniel, 122 S.W.3d 805, 808
(Tex.Crim.App.2003).  Relator is seeking post-conviction relief from a felony
conviction.  Only the Court of Criminal Appeals has jurisdiction in final
post-conviction habeas corpus proceedings.  Tex. Code Crim. Proc. Ann. art.
11.07; Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim.
App. 1991); Board of Pardons & Paroles ex rel. Keene v. Court of Appeals
for Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that
article 11.07 provides the exclusive means to challenge a final felony
conviction).  

Accordingly, the petition for writ of mandamus is ordered denied.

 

                                                                        PER
CURIAM

 

Panel consists
of Justices Anderson, Brown, and Christopher.

Do Not
Publish — Tex. R. App. P. 47.2(b).