**Dismissed and Opinion Filed March 19, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00319-CV

### IN RE J.C. RASOR, Relator

**Original Proceeding from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-9100094-TV**

## MEMORANDUM OPINION

Before Justices Bridges, FitzGerald, and Francis
Opinion by Justice FitzGerald

Relator files this petition for writ of mandamus arguing that the trial court has a ministerial duty to dismiss all charges against him and release him from confinement because he is illegally confined in that the complaint against relator for murder was void and the judgment and sentence in his case are also void and of no legal effect. Although presented as a petition for writ of mandamus, relator's complaint is in the nature of a petition for writ of habeas corpus because the substance of his argument attacks the validity of his conviction. This Court may not address such complaints. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) ("What the court of appeals tried to do was treat the original mandamus petition as a writ of habeas corpus. We are the only court with jurisdiction in final post-conviction felony proceedings.")

In order to grant a writ of mandamus, this court must conclude that relator has no adequate remedy at law. Access to the writ of habeas corpus in final post-conviction felony proceedings provides a criminal defendant with an adequate remedy at law. *Ater*, 802 S.W.2d at 243. While the courts of appeals have concurrent mandamus jurisdiction with the Court of Criminal Appeals in some post-conviction proceedings, *Padilla v. McDaniel,* 122 S.W.3d 805, 808 (Tex. Crim. App. 2003) (forensic DNA testing), only the Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2010); *In re Turk*, No. 14-09-00129-CR, 2009 WL 396197, at *1 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, orig. proceeding) (mem. op.); *In re Bailey,* No. 14-06-00841-CV, 2006 WL 2827249, at *1 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (mem. op.); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals." *In re McAfee*, 53 S.W.3d at 718. Accordingly, the Court **DISMISSES** the petition for writ of mandamus.

140319F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE