**Dismiss and Opinion Filed April 9, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00390-CV
### No. 05-14-00391-CV

### IN RE SENRICK WILKERSON, Relator

**Original Proceeding from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F10-01183-J, F10-01184-J**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice Francis

Relator files a motion seeking summary judgment. He complains of false imprisonment based on alleged inaccuracies in his Dallas county arrest records and purported procedural errors with relation to his arrests and convictions. The Texas Rules of Appellate Procedure do not permit this Court to grant summary judgment in this case. Moreover, this Court may not address complaints of the type relator raises, regardless of the form in which they are couched. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) ("What the court of appeals tried to do was treat the original mandamus petition as a writ of habeas corpus. We are the only court with jurisdiction in final post-conviction felony proceedings."). While the courts of appeals have concurrent mandamus jurisdiction with the Court of Criminal Appeals in some post-conviction proceedings, *Padilla v. McDaniel,* 122 S.W.3d 805, 808 (Tex. Crim. App. 2003)

(forensic DNA testing), only the Court of Criminal Appeals has jurisdiction in cases collaterally attacking a final judgment of conviction of a felony. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2010); *In re Turk*, No. 14-09-00129-CR, 2009 WL 396197, at *1 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.); *In re Bailey,* No. 14-06-00841-CV, 2006 WL 2827249, at *1 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (mem. op.); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals." *In re McAfee*, 53 S.W.3d at 718.

The nature of relator's complaint is that he has is being illegally confined due to the defects he alleges. This Court does not have jurisdiction over any matters related to such complaints; they must be raised with the Court of Criminal Appeals. Accordingly, the Court **DISMISSES** the petition.

140390F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE