**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00190-CR**
_____

**IN RE RAYMOND SCHWARZBURG**

**Original Proceeding**

**MEMORANDUM OPINION**

Raymond Schwarzburg petitioned for a writ of mandamus compelling the judge of the 221st District Court of Montgomery County, Texas, to schedule an evidentiary hearing on Schwarzburg's application for post-conviction writ of habeas corpus. *See generally* Tex. Code Crim. Proc. Ann. art. 11.07 (West 2015).

The courts of appeals have concurrent mandamus jurisdiction with the Court of Criminal Appeals in some post-conviction proceedings. *See Padilla v. McDaniel*, 122 S.W.3d 805, 808 (Tex. Crim. App. 2003) (forensic DNA testing). But, only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim.

1

App. 2013) (orig. proceeding). In recognition of the exclusive jurisdiction of the Court of Criminal Appeals and the mandamus authority exercised by that court in the protection of its habeas jurisdiction, we will not act on a mandamus petition filed to compel the trial court to act in a proceeding under Article 11.07 of the Texas Code of Criminal Procedure. *In re McAfee*, 53 S.W.3d 715, 717-18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *see also* Tex. Code Crim. Proc. Ann. art. 11.07. A complaint concerning the trial court's inaction on a matter related to a pending post-conviction application for writ of habeas corpus must be brought by mandamus to the Court of Criminal Appeals and not to this Court. *McAffee*, 53 S.W.3d at 717-18.

We lack jurisdiction to grant the relief requested by Schwarzburg because it relates directly and exclusively to the trial court's handling of Schwarzburg's post-conviction application for writ of habeas corpus. *See id.* Accordingly, we dismiss the petition for writ of mandamus.

PETITION DISMISSED.

PER CURIAM

Submitted on June 23, 2015
Opinion Delivered June 24, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.