Ismael H. PADILLA, Petitioner,

v.

Lana Rolf McDANIEL, Judge, 203rd Judicial District Court, Respondent.

No. 20423–05.

Court of Criminal Appeals of Texas, En banc.

Dec. 3, 2003.

Ismael H. Padilla, pro se.

Bill Hill, Dist. Atty., Dallas, Matthew Paul, State's Attorney, Austin, for state.

## PER CURIAM.

The petitioner alleges that he has been convicted of a criminal offense and imprisoned in the Institutional Division of the Department of Criminal Justice. He has petitioned this court for a writ of mandamus compelling the respondent judge to appoint counsel for him on his motion for forensic DNA testing.[1] At the time that he alleges that he filed his motion, a statute required the convicting court to appoint counsel.[2] Mandamus may lie to compel a district judge to follow the statute.[3] The threshold question is whether this court should be a court of first resort for such original actions for a writ of mandamus in criminal-law matters.

Between 1977 and 1983 this court was the court of first resort for such actions. The people amended Article V, Section 5 of the Constitution in 1977 to give this court general authority to issue the writ of mandamus, subject to such regulations as might be prescribed by law, regarding criminal-law matters.[4] The amendment eliminated an awkward situation in which litigants in criminal cases had to seek writs of mandamus in the Supreme Court[5] because this court had jurisdiction to issue the writ of mandamus only to enforce its jurisdiction.[6]

Between 1977 and 1981 this court was, not only the court of first resort for a writ of mandamus against a district judge, but also the court with first and exclusive jurisdiction of appeals in criminal cases. The people amended Article V, Section 6 of the Constitution on November 4, 1980 (effective September 1, 1981) to change the name of the courts of civil appeals to the courts of appeals, and to give those courts "appellate jurisdiction ... which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." The people also amended Section 5 of Article V to provide that the appeal of all cases in which the death penalty has been assessed shall be to this court, but that the appeal of all other criminal cases shall be to the courts of appeals as prescribed by law.

---

1. "A convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material." Tex.Code Crim. Proc. art. 64.01(a).

2. "A convicted person is entitled to counsel during a proceedings under this chapter. If a convicted person informs the convicting court that the person wishes to submit a motion under this chapter, and the court determines the person is indigent, the court shall appoint counsel for the person." Id., art. 64.01(c). The statute was amended, effective September 1, 2003 (see Act of May 9, 2003, 78th Leg., R.S., ch. 13, § 1, 2003 Tex. Gen. Laws 16, 16), but the former statute was continued in effect for a convicted person who submitted a motion before that date (see id., § 8, 2003 Tex. Gen. Laws, at 17).

3. *Neveu v. Culver*, 105 S.W.3d 641 (Tex.Cr. App.2003).

4. *See* Tex. Const. art. V, § 5.

5. *See, e.g., State ex rel. Pettit v. Thurmond,* 516 S.W.2d 119 (Tex.1974).

6. *See, e.g., Bradley v. Miller,* 458 S.W.2d 673 (Tex.Cr.App.1970).

Appeal of a motion for forensic DNA testing now follows the same path; in death penalty cases the appeal is to this court, and in other cases the appeal is to a court of appeals.[7]

The Constitution gave, and still gives, the courts of appeals the general appellate jurisdiction to which we have referred and "such other jurisdiction, original and appellate, as may be prescribed by law."[8] As to mandamus, the law before 1983 gave the courts of appeals mandamus jurisdiction and authority in certain election matters,[9] and authority to issue the writ of mandamus to protect its appellate jurisdiction[10] or to compel a judge of the district or county court to proceed to trial and judgment in a cause.[11] Otherwise the "Court of Civil Appeals ha[d] no power to mandamus the district court."[12]

In 1983, shortly after the courts of appeals were given jurisdiction of appeals in

criminal cases, an act of the legislature expanded their mandamus jurisdiction. It gave them general mandamus authority to enforce their jurisdictions, and general mandamus authority against district and county judges in their districts.[13] This court held in 1987 that the 1983 act gave the courts of appeals mandamus jurisdiction in criminal law matters that is concurrent with this court's jurisdiction.[14] Discretionary review of a court of appeals' decision to issue a writ of mandamus is not authorized, but this court may issue its writ of mandamus to overturn a court of appeals' mandamus decision.[15]

In civil matters the general requirement for original proceedings in the Supreme Court is, "If the Supreme Court and the courts of appeals have concurrent jurisdiction, the petition must be presented first to the court of appeals unless there is a compelling reason not to do so."[16] That re-

**7.** See TEX. CODE CRIM. PROC. art. 64.05.

**8.** See TEX. CONST. art. V, § 6.

**9.** See Act of June 8, 1981, 67th Leg., R.S., ch. 291, § 20, 1981 Tex. Gen. Laws 761, 773.

**10.** See Act of April 13, 1892, 22d Leg., C.S., ch. 15, § 6, 1892 Tex. Gen. Laws 389, 390 (formerly VERNON'S ANN. CIV. STAT. art. 1823), amended by Act of June 19, 1983, 69th Leg., R.S., ch. 839, § 3, 1983 Tex. Gen. Laws 4767, 4768–69.

**11.** See id. (formerly VERNON'S ANN. CIV. STAT. art. 1824), amended by Act of June 19, 1983, 69th Leg., R.S., ch. 839, § 3, 1983 Tex. Gen. Laws 4767, 4768–69.

**12.** Crofts v. Eighth Court of Appeals, 362 S.W.2d 101, 104 (Tex.1962). Accord, Bush v. Vela, 535 S.W.2d 803, 804 (Tex.Civ.App.-Corpus Christi 1976) ("The power of the Court of Civil Appeals to issue a writ of mandamus is extremely limited").

**13.** See Act of June 19, 1983, supra note 11. The statute, as amended, now reads:
"Each court of appeals for a court of appeals district may issue all writs of manda-

mus, agreeable to the principles of law regulating those writs, against a:
(1) judge of a district or county court in the court of appeals district; or
(2) judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district."
TEX. GOV'T CODE § 22.221(b).

**14.** Dickens v. Second Court of Appeals, 727 S.W.2d 542, 546 (Tex.Cr.App.1987) ("Given the plain language of the statute, it would seem that courts of appeals have original jurisdiction to issue writs of mandamus against any judge of a district or county court, without any restriction upon the subject matter of the writ").

**15.** Lanford v. Fourteenth Court of Appeals, 847 S.W.2d 581, 584–86 (Tex.Cr.App.1993).

**16.** TEX.R.APP. P. 52.3(e). The rule goes on to say, "If the petition is filed in the Supreme Court without first being presented to the court of appeals, the petition must state the compelling reason why the petition was not first presented to the court of appeals."

quirement is congruent with the policies that underlie the Constitution and the statutes, which make the courts of appeals the first resource for appeal from the district and county courts. The same requirement should apply in criminal cases as well.

■ We hold that when a court of appeals and this court have concurrent, original jurisdiction of a petition for a writ of mandamus against the judge of a district or county court, the petition should be presented first to the court of appeals unless there is a compelling reason not to do so.

We deny leave to file the petition for a writ of mandamus, without prejudice to the filing of such a petition in the court of appeals.

So ordered.