IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





NO. WR-76,228-02






GILBERTO CHAVERO, JR., Relator


v.


HIDALGO COUNTY DISTRICT CLERK, Respondent






ON APPLICATION FOR A WRIT OF MANDAMUS

CAUSE NO. CR-0960-96-B IN THE 93RD JUDICIAL DISTRICT COURT

FROM HIDALGO COUNTY





 Per curiam.


O R D E R




 Relator has filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. In it, he contends that he filed an application for a writ of habeas corpus
in the 93rd Judicial District Court of Hidalgo County, that more than 35 days have elapsed, and that
the application has not yet been forwarded to this Court. Relator also alleges that he filed a motion
for appointment of counsel for the purpose of post-conviction DNA testing under Tex. Code Crim.
Proc. art. 64.01, but that the trial court refuses to rule on that motion.

 This Court received Relator's 11.07 habeas application on August 1, 2011, and therefore
Relator has not demonstrated that the Hidalgo County District Clerk had violated a ministerial duty
under Tex. Code Crim. Proc. art. 11.07 §3. With respect to Relator's claim under Chapter 64, when a court of appeals and this Court have concurrent, original jurisdiction of a petition for a
writ of mandamus against the judge of a district or county court, the petition should be presented
first to the court of appeals unless there is a compelling reason not to do so. Padilla v. McDaniel,
122 S.W.3d 805, 808 (Tex. Crim. App. 2003). Leave to file is denied.






Filed: April 18, 2012

Do not publish