IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-65,017-03




IN RE KEVIN LAMAR JOHNSON, Relator




ON APPLICATION FOR A WRIT OF MANDAMUS
CAUSE NO. 2002CR4779 IN THE 227TH DISTRICT COURT
FROM BEXAR COUNTY




            Per curiam.

O R D E R

            Relator has filed a motion for leave to file an application for a writ of mandamus pursuant
to the original jurisdiction of this Court. In it, he contends that on June 16, 2010 and January 19,
2011, he filed motions for DNA testing under Chapter 64 of the Code of Criminal Procedure and that
the trial court has not ruled on his motions. He also contends that he sent written inquiries to the
District Clerk but received no response. He urges this Court to order the trial court to rule on his
motions and to order the District Clerk to respond to his inquiries. 
            We deny leave to file. Courts of appeals have the authority to mandamus district courts. 
Tex. Gov’t Code § 22.221(b)(1). When a court of appeals and this Court have concurrent, original
mandamus jurisdiction, a mandamus application should first be presented to a court of appeals unless
there is a compelling reason not to do so. Padilla v. McDaniel, 122 S.W.3d 805, 808 (Tex. Crim.
App. 2003). Regarding the trial court’s failure to rule on Relator’s Chapter 64 motions, nothing in
the record indicates that Relator has filed a mandamus application in the Fourth Court of Appeals,
and there is not a compelling reason for him not to do so. Courts of appeals also have mandamus
authority to enforce their jurisdiction. Tex. Gov’t Code § 22.221(b)(1). In Relator’s case, we do
not believe that this includes the District Clerk’s failure to respond to his written inquiries. Relator,
rather, should file a mandamus application with the trial court. Tex. Gov’t Code § 24.011. 
 
Filed: May 15, 2013
Do not publish