**DENY; and Opinion Filed February 19, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00145-CV

### IN RE MARVIN WAYNE GRAVES, Relator

**Original Proceeding from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 059700**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang, and Brown
Opinion by Justice O'Neill

The Court has received correspondence from relator requesting assistance from the Court in causing the trial court to take action on his motion under Chapter 64 of the Texas Code of Criminal Procedure for forensic DNA testing. We treat the correspondence as a petition for writ of mandamus. Relator complains that although he filed a motion under Chapter 64 seeking forensic DNA testing with the trial court on April 26, 2013, and although he has contacted the trial court in writing twice regarding his motion, the trial court has yet to take action. In support, relator attaches a copy of one of his letters to the trial court, but does not include the original motion or his subsequent motion for appointment of counsel.

The courts of appeals have concurrent mandamus jurisdiction with the Court of Criminal Appeals in post-conviction proceedings, including mandamus proceedings related to forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *Padilla v. McDaniel*,

122 S.W.3d 805, 808 (Tex. Crim. App. 2003). Mandamus will lie to compel the trial court to follow the statute. *Padilla,* 122 S.W.3d at 808. Although the Court has jurisdiction to entertain a properly supported petition for mandamus concerning forensic DNA testing, because relator's petition includes no support other than his letter asking the district clerk to take action and does not include a proper certification under the Rules of Appellate Procedure governing petitions for writs of mandamus, the record before the Court does not support granting relief. TEX. R. CIV. P. 52.3(j) & (k). Moreover, to the extent that Relator's complaint concerns the district clerk rather than the judge of the district court, this Court lacks jurisdiction to grant relief. *See* TEX. GOVT CODE ANN. 22.221 (West 2010); *In re Chumbley*, 05-13-00881-CV, 2013 WL 3718070, at *1 (Tex. App.—Dallas July 12, 2013, orig. proceeding). Accordingly, we **DENY** the petition for writ of mandamus.

The Court **DIRECTS** the Clerk to send copies of this order and relator's correspondence, by electronic transmission, to the Honorable James Patrick Fallon, judge of the 15th Judicial District Court and to Kelly Ashmore, Grayson County District Clerk.

/Michael J. O'Neill/
MICHAEL O'NEILL
JUSTICE

140145F.P05

–2–