**Dismissed and Opinion Filed February 20, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00174-CV

## IN RE REGINALD NOBLE, Relator

**Original Proceeding from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F00-50025-K**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang, and Brown
Opinion by Justice Lang

In his petition for writ of mandamus, relator complains that the trial court abused its discretion in finding that his post-conviction writ of habeas corpus filed in the trial court presents no controverted, previously unresolved factual issues. The facts and issues are well known to the parties, so we need not recount them herein. This Court does not have jurisdiction over relator's petition. Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, no pet.) While the courts of appeals have concurrent mandamus jurisdiction with the Court of Criminal Appeals in some post-conviction proceedings, *Padilla v. McDaniel,* 122 S.W.3d 805, 808 (Tex. Crim. App. 2003) (forensic DNA testing), only the Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2010); *In re Turk*, 14-09-00129-CR, 2009 WL

396197, at *1 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.); *In re Bailey,* 14-06-00841-CV, 2006 WL 2827249, at *1 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee,* 53 S.W.3d at 717. Should an applicant find it necessary to complain about an action or inaction of the convicting court with regard to any matter related to the petition for writ of habeas corpus, the applicant may seek mandamus relief only from the Court of Criminal Appeals. *In re McAfee*, 53 S.W.3d at 717. Because relator's petition for mandamus arises from the trial court's ruling on his post-conviction application for writ of habeas corpus, we do not have jurisdiction over the complaint. Accordingly, we **DISMSS** the petition for writ of mandamus.

/Douglas S. Lang/
DOUGLAS LANG
JUSTICE

140174F.P05