**DISMISS; and Opinion Filed April 14, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00400-CV

## IN RE AARON EARL CARTER JR., Relator

**Original Proceeding from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0100923-UQ**

## MEMORANDUM OPINION
Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice Lewis

The Court has received a pleading from pro se petitioner Aaron Earl Carter, Jr. styled as a "Petition for This Court to Vacate Its Mandate Issued on October 30, 2003" in which he contends this Court must set aside its mandate in his appeal because the trial court granted a new trial before this Court issued its judgment and mandate in the appeal. The facts and issues are well known to the parties, so we need not recount them herein.

The Court's plenary power over its judgment in the appeal has expired. TEX. R. APP. P. 19.1, 19.3. Because the Court's plenary power over the appeal has long expired, any issue raised is not one that is within this Court's appellate jurisdiction. Thus, the Court treats the motion as a petition for extraordinary relief and considers whether it has the power to grant the requested relief pursuant to the Court's statutorily limited powers under Section 22.221 of the Texas Government Code.

The underlying nature of relator's complaint is that he has is being illegally confined because he was granted a new trial that has not yet been held. That claim must be raised by petition for writ of habeas corpus and this Court has no post-conviction habeas corpus jurisdiction in felony cases. While the courts of appeals have concurrent mandamus jurisdiction with the Court of Criminal Appeals in some post-conviction proceedings, *Padilla v. McDaniel,* 122 S.W.3d 805, 808 (Tex. Crim. App. 2003) (forensic DNA testing), only the Court of Criminal Appeals has jurisdiction in cases collaterally attacking a final judgment of conviction of a felony. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2010); *In re Turk*, No. 14-09-00129-CR, 2009 WL 396197, at *1 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.); *In re Bailey,* No. 14-06-00841-CV, 2006 WL 2827249, at *1 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (mem. op.); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals." *In re McAfee*, 53 S.W.3d at 718.

Accordingly, the Court **DENIES** the request to withdraw its mandate and **DISMISSES** relator's petition to the extent it seeks extraordinary relief.

/David Lewis/
DAVID LEWIS
JUSTICE

140400F.P05