**DISMISS; and Opinion Filed May 27, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00622-CV

## IN RE RICHARD BROWN, Relator

**Original Proceeding from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F06-62942**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to rule on his motion to compel the Dallas County sheriff's department to provide him with the cost of duplicating certain medical records that he wishes to purchase for use in his pending habeas corpus case. While the courts of appeals have concurrent mandamus jurisdiction with the Court of Criminal Appeals in some post-conviction proceedings, *Padilla v. McDaniel,* 122 S.W.3d 805, 808 (Tex. Crim. App. 2003) (forensic DNA testing), only the Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2010); *In re Turk*, No. 14-09-00129-CR, 2009 WL 396197, at *1 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.); *In re Bailey,* No. 14-06-00841-CV, 2006 WL 2827249, at *1 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (mem. op.); *In re McAfee,* 53 S.W.3d at 717. Any complaints about action or inaction on a matter related to a pending post-conviction petition for writ of habeas corpus, must be brought by

mandamus to the Court of Criminal Appeals and not to this Court. *In re McAfee*, 53 S.W.3d at 717. Because relator's petition for mandamus arises from the trial court's failure to rule on a motion in conjunction with his pending post-conviction application for writ of habeas corpus, we do not have jurisdiction over the complaint. Accordingly, we **DISMISS** the petition for writ of mandamus.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

140622F.P05