**Dismissed and Opinion Filed October 22, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01324-CV

### No. 05-14-01325-CV

### IN RE DONALD GENE BLANTON, Relator

**Original Proceeding from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause Nos. 23078-86, 23592-86**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice FitzGerald, and Justice Francis
Opinion by Chief Justice Wright

Relator filed this petition for writ of mandamus contending that the trial court improperly denied his motion to suppress in his 2005 trial. A grand jury indicted Donald Gene Blanton on two charges: (1) possession of cocaine in an amount less than one gram and (2) tampering with evidence. *Blanton v. State,* No. 05-05-01060-CR, 2006 WL 2036615 (Tex. App.—Dallas July 21, 2006, pet. ref'd) (mem. op., not designated for publication). The case was tried to a jury. The jury convicted him of both offenses and assessed an enhanced punishment of twenty years in the possession case and life in the tampering case. *Id.* This Court affirmed the conviction. *Id.*

Relator's petition represents an attempt to collaterally attack his criminal conviction. While the courts of appeals have concurrent mandamus jurisdiction with the court of criminal appeals in some post-conviction proceedings, *Padilla v. McDaniel,* 122 S.W.3d 805, 808 (Tex. Crim. App. 2003) (forensic DNA testing), only the court of criminal appeals has jurisdiction in

cases collaterally attacking a final judgment of conviction of a felony. *In re McAfee,* 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). The intermediate courts of appeals have no original jurisdiction over petitions for habeas corpus relief in connection with criminal proceedings. TEX. GOV'T CODE ANN. § 22.221(d) (West 2004) (limiting habeas corpus jurisdiction of intermediate courts of appeals to civil matters); TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005) (granting original jurisdiction in cases seeking writs of habeas corpus in criminal cases to the court of criminal appeals, districts courts, and county courts). Because we lack jurisdiction over this original proceeding, we **DISMISS** the petition.

141324F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE