OCTOBER 16, 2015

COURT OF CRIMINAL APPEALS
OF TEXAS, CLERK
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS, 78711

57,250-13

IN RE: DONALD GENE BLANTON V. RICK THALER
CAUSE NO# 23,078-86 / 23,592-86

MOTION DENIED
DATE: 10-28-2015
PC
BY: _____

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 22 2015
Abel Acosta, Clerk

DEAR, CLERK
ENCLOSED FOR FILING AND PRESENTATION
TO THE COURT AT YOUR EARLIEST
CONVENIENCE, PLEASE FIND THE ORIGINAL
MOTION FOR LEAVE TO FILED MOTION ON
BASED OF ACTUALLY INNOCENCE UPON
STATE'S FRANDULENT EVIDENCE IN
WRIT OF HABEAS CORPUS PROCEEDINGS
CAUSE NO. 23,078-86 / 23,592-86. FOR FILING.
THANK YOU IN ADVANCE FOR YOUR
VALUABLE TIME.

RESPECTFULLY SUBMITTED,
Donald Gene Blanton

IN THE
COURT OF CRIMINAL APPEALS
Austin, TEXAS

DONALD GENE BLANTON, 1307891,
                              PETITIONER

        v.

RICK THALER,
        DIRECTOR TDCJ-CID,
                        RESPONDENT,

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 22 2015

Abel Acosta, Clerk

MOTION FOR LEAVE TO FILED
MOTION ON BASED OF
ACTUALLY INNOCENCE UPON
STATE'S FRAUDULENT EVIDENCE
IN WRIT OF HABEAS CORPUS
PROCEEDINGS, CAUSE NO. 23,018-8le/23,592-8le,

                    RESPECTFULLY SUBMITTED,
                    Donald Gene Blanton

Motion FOR Leave To Filed
motion ON BASED OF Actually
Innocence UPON State's FRAUDuleNT
Evidence IN Writ OF HABEAS CORpus
Proceedings


To THE HONORABle JUSTICES OF THE
Court OF Criminal AppeAls:

Comes Now, Donald GENE BlANTON,
TDCJ-CID # 1307891, Proceeding Pro SE,
And Pursuant To Rule 72.1 Texas Rule
OF Appellate Procedure And Rule 609
OF THE Texas Rule OF Evidence;
THE Eighth And Fourteenth Amendments
To THE United States Constitution And,
ARTicle I, $ 10 of THE Texas Constitution,
And Further Pursuant To Rule, 3.09
OF THE Texas Disciplinary Rules of

Professional Conduct. Files this Original motion for Leave to filed motion on based of Actually Innocence upon states Fraudulent evidence In writ of Habeas Corpus Proceedings and would Respectfully show unto this Honorable Court the following,

1. On April 23. 2008, The Court of Criminal Appeals Denied Petitioner writ of Habeas Corpus 11.07, Petition without written Order on the findings of the Trial Court.

2. Trial Court Submitted A Sworn Affidavit In Their 11.07 Petition writ of Habeas Corpus,

3.

Attached State's Exhibit-C, Exhibit #4, to their Sworn Affidavit Submitted to This Court of Criminal Appeals Fraudulent Evidence, See, Attached State's Sworn Affidavit page 12-13,

3. The Trial Court Findings of Facts

1. Cast doubt on His Guilt as to any Element of the Offenses,

2. Cast doubt on the Admissibility of any Evidence,

3. Cast doubt on the Credibility or Accuracy of any Evidence,

4. Clearly show Petitioner Actually Innocence,

4. STATE'S Exhibit-C, Exhibit-#4, Submitted TO THIS COURT OF CRIMINAL APPEAL, THE STATE KNEW BEFORE Submitting STATE'S Exhibit-C, Exhibit-#4 LARGE SANDWICH BAG MisdEMEANOR MARIJUANA ANd ROLLING PAPERS

THAT THE MisdEMEANOR MARIJUANA ANd ROLLING PAPERS OFFENSE WAS NOT FILEd AGAINST PETITIONER WITH THE KAUFMAN COUNTY DISTRICT ATTORNEY OFFICE ANd THE DISTRICT ATTORNEY HAD DISMISSED THE MisdEMEANOR MARIJUANA ANd ROLLING PAPERS NOR WAS HE INdicTEd SEE, ATTACHEd STATE'S JUNE 29, 2005

5.

DISMISSAL LETTER,

Citing, NAPUE v. ILLINOIS, 360 U.S. 264, 269-270, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959), Due Process violated when State Although not soliciting false evidence, Allows it to uncorrected when it Appears, Id. It is established that a conviction obtained through use of false evidence, known to be such by Representative of the State, must fail under the Fourteenth Amendment, Mooney v. Holohan, 294 U.S. 103, 55 S. Ct. 340, 79 L. Ed. 791 (1935),

Due Process is violated when a Prosecutor fails to correct testimony he knows to be false, Alcorta v. Texas, 355 U.S. 28, 31, 78 S. Ct. 103, 105, 2 L. Ed. 2d 9 (1957),

6

DEFENDANT'S DUE PROCESS IS ONLY implicated in those CASES in which THE STATE THEMSELVES by THEIR conduct indicate that the evidence could form a basis for exonerating the defendant, ARIZONA v. youngblood, 488 U.S. 51, 58, 109 S. Ct. 333, 337-38, 102 L. Ed. 2d 281 (1988), WHEN THE STATE FRAUDULENT EVIDENCE IN THEIR SWORN Affidavit Exhibit-C, To THE COURT WHEN KNOWING PETITIONER WAS NOT CHARGED WITH THE MISDEMEANOR MARIJUANA AND ROLLING PAPERS, WHEN THE STATE DISMISSED THE CHARGED AND NEVER INDICTED Him. ARIZONA v. youngblood, Id,

IT IS CRYSTAL WHEN THE COURT OF CRIMINAL APPEALS

7.

Denied petitioner writ of Habeas corpus 11-07 petition without written order on the findings of the trial court, when the trial records show the state's "scandal" and fraudulent the evidence to securing the conviction. Citing, the NAPUE v. Illinois court, Judgment of Conviction Reversed. for "our" own evaluation of the records here compel us to hold that the false evidence used by the state in securing the conviction of petitioner may have made an effect on the outcome of the trial. NAPUE v. Illinois, Id.

8.

IN PETITIONER CASE, THE STATE'S FALSE EVIDENCE, HAVE SENT A TOTALLY ACTUALLY INNOCENCE MAN TO PRISON FOR LIFE AND 20 YEARS FOR A MISDEMEANOR AMOUNT OF MARIJUANA RESIDUE AND ROLLING PAPERS, SEE ATTACHED, STATE'S SWORN AFFIDAVIT PAGE 12-13.

Citing, Giglio V. U.S, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed. 2d 104 (1972), Alcorta V. TEXAS, 355 U.S. 28, 31, 78 S.Ct. 103, 105, 2 L.Ed. 2d 9 (1957),

PETITIONER HAVE SHOWN by CLEAR AND CONVINCING EVIDENCE THAT, despite EVIDENCE of guilt, NO REASONABLE JUROR Could HAVE found Him Guilty IN light Of the NEW EVIDENCE, EX PARTE Elizondo,

9-

941 S.W-2d 202 (Tex.Crim.App.1996), During the Guilty and Innocent Phase of the Petitioner's Jury Trial for the Offenses of (1) Possession of Cocaine, Less than one Gram and (2) Tampering with Evidence, See, Attached, Fifth District Court of Appeals October 22, 2014, Memorandum Opinion,

Petitioner "Objection" to the Court the State could not Introduce into Evidence the Misdemeanor Marijuana and Rolling Papers See Attached, Vol.4, RR, p.32,

Trial Court Overruled His Objection And Allowed the State to Introduce And Admitted The

10.

Misdemeanor Marijuana And Rolling Papers into Evidence As State's Exhibit #4, without Indictment Also Charged been Dismissed,

During the State's Rest the Case, the State told the Jury you all have heard the Evidence on the Cocaine And you have heard the Evidence on the Marijuana And Rolling Papers See Attached. Vol. 4, RR. P. 184,

Jury found Petitioner Guilty for State's Exhibit #4, Misdemeanor Marijuana And Rolling Papers,

See Attached, State's Sworn Affidavit Page 12-13, Submitted to this Court of Criminal Appeals,

11.

IN THE STATE'S WRIT OF HABEAS CORPUS 11.07 PROCEEDINGS Citing, EX PARTE Elizondo, 947 S.W.2d 202 (Tex.Crim.App.1996), Court OF Criminal Appeals Cannot ignore Clear And Convincing Evidence of Actual Innocence, Id.

PETITIONER Constitutional Rights Have been Severely violated by THE STATES MISCONDUCT TO THE Root of THE United States Constitution That Petitioner Convictions Must fail TO A Acquittal OR A Fundamental of Miscarriage of Justice Will Occured, Due TO THE Incarceration of Petitioner Who is Actually Innocent, EX PARTE Elizondo, Id, THE Petitioner Requests this Court To Take Judicial Notice OF THE Appellate Records AS Well AS THE Opinion OF THE Court OF Appeals in this Case. Citing, Smith v. State, 165 S.W.3d 341 (Tex.Crim. App.2005),

12.

WHEREFORE, PREMISES CONSIDERED, PETITIONER RESPECTFULLY PRAYS THAT THIS COURT WILL GRANT HIS MOTION AND REVERSED THE JUDGMENT AND ENTERED A ACQUITTAL IN THIS CAUSE NUMBERED(S) OR IN THE ALTERNATIVE THAT THE CASES BE REMANDED TO THE TRIAL COURT FOR A NEW TRIAL.

RESPECTFULLY SUBMITTED,
Donald Gene Blanton

## CERTIFICATE OF SERVICE

I, DONALD GENE BLANTON, TDCJ-#1307891, DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING HAS BEEN SERVED UPON KAUFMAN COUNTY DISTRICT ATTORNEY,

13

Raleigh Norville Wiley. 100 West, Mulberry Street, Kaufman. Texas 75142, via U.S. Mail, First Class Postage Prepaid and Hand Delivery Through the District Clerk.

On this the 16th day of October, 2015.

Donald Gene Blanton



IN THE 86TH JUDICIAL DISTRICT COURT
KAUFMAN COUNTY, TEXAS

EX PARTE

DONALD GENE BLANTON,

APPLICANT

CAUSE NO. 23,078A-86
and
CAUSE NO. 23,592A-86

## ATTORNEY'S AFFIDAVIT

STATE OF TEXAS    (
                 (
COUNTY OF KAUFMAN    (

BEFORE ME, the undersigned authority, personally appeared DEBORAH A. BEESLEY, Attorney at Law, who, by me duly sworn on her oath deposed and said as follows:

"My name is DEBORAH A. BEESLEY. I am an attorney licensed to practice law in the State of Texas. My State Bar Card number is 02042300. I was the attorney appointed by the honorable Judge of the 86th Judicial District Court, Kaufman County, Texas, to represent, **DONALD GENE BLANTON**, Applicant in Cause No. 23,078-86 and Cause No. 23,592-86 in the 86th JUDICIAL DISTRICT COURT OF KAUFMAN COUNTY, TEXAS, which resulted in Applicant being sentenced to twenty years in prison in Cause No. 23,078-86 and to life in prison in Cause No. 23,592-86 by a jury.

"As to the claim that Applicant received ineffective assistance from his trial counsel, I would show the Court that I was not Applicant's trial counsel. I had been appointed to represent **DONALD GENE BLANTON** on August 2, 2004. I met with Applicant on August 4, 2004 at the Kaufman County Law Enforcement Center in Kaufman, Texas. At that time, Applicant had been charged with two felony offenses, Possession of a Controlled Substance Penalty Group One, Less Than One Gram and Tampering With Physical Evidence. Applicant advised me that he was on parole and would have a blue warrant issued for him soon if one had not already been issued for him. Applicant also advised me that the police should have a video of his traffic stop and that the tape would show the police planting drugs on him during the stop. I immediately contacted the District Attorney's Office for Kaufman County and discovered that their office had not received the police report on Applicant's cases yet. I met with Applicant again at the jail on August 12, 2004 to inform him that the District Attorney's Office did not have a copy of his police report or his videotape yet but that I would continue to investigate his case by contacting the Mabank Police Department myself. On September 3, 2004, I was able to talk with Chief

**ATTORNEY'S AFFIDAVIT - PAGE 1**



STATE'S
EXHIBIT
A

be appointed to represent him. The Court denied Applicant's request. The Court advised Applicant that he could have any attorney that he wanted as long as he was willing to pay for the attorney. Applicant did not state any valid reasons as to why I was not representing him effectively. Essentially, Applicant was upset with me because I had advised him that I anticipated that a jury would convict based on the evidence in his cases and that was the only reason he was upset. As the Judge told Applicant during that hearing, Applicant probably would not be happy with any attorney who bothered to tell him the truth ....that he would be convicted by the evidence in his cases.

"With respect to the Judge admonishing the Applicant on his right to represent himself, the Judge did everything in his power to make sure that the Applicant understood that he alone would be responsible for knowing everything an attorney should know about the laws when trying cases. No one forced Applicant to represent himself. That decision was his and his alone. No one in the courtroom felt that was a good decision on Applicant's part, but he has the right to represent himself even if he has a fool for a client.

"As to Applicant's Ground Five, it is totally and completely without merit. No one other than the jurors went back into the jury room during deliberations. The alternate juror was dismissed and released from her jury duty prior to the jury beginning their deliberations.

"With respect to Applicant's Ground Six, he alleges that his conviction was obtained due to improper instructions to the jury regarding having testimony read back during jury deliberations. Applicant's allegation is totally without merit. The Judge gave the proper instructions with regards to the jury not being specific enough in their note about the testimony they wanted read back to them. The court reporter was in the process of finding the testimony that the jurors had requested be read back to them when the jury sent out the filled out verdict form which indicated that they had reached a verdict. Contrary to Applicant's allegation, the jury would have been allowed to hear the testimony that they felt was in dispute but for, apparently, their own decision to continue deliberating and trying to reach a verdict while the court reporter was looking the information up for them. The Judge certainly did not instruct the jury to continue on with their deliberations without hearing the testimony that they had requested.

"In his claim in Ground Eight, Applicant alleges that the baggies which contained the 'altered' evidence in his case was not ripped or torn as alleged by the State. Applicant's allegation is totally and completely false. During my investigation of the case, I talked with all of the witnesses who came into contact with the evidence. Each witness indicated to me that the baggies were ripped or torn when he first saw the baggies containing the cocaine in Applicant's cases. This was also verified to me by Andrew Macey who conducted the analysis of the drugs. Also, I personally viewed the two baggies myself prior to the jury trial and noticed that the two baggies definitely had been either ripped or

---

**ATTORNEY'S AFFIDAVIT - PAGE 12**

torn. I also showed the torn baggies to Applicant prior to the beginning of his jury trial. In addition, I would bring to the Court's attention that Applicant mislead the Court when he attached a copy of the baggie in Applicant's Appendix "F." Applicant stated to the Court that the picture in Applicant's Appendix "F" is a picture of the baggie that is alleged by the State to contain cocaine. It is not. The baggie that is shown in that picture contained the marijuana that Applicant also had in his possession at the time of his arrest. It does not contain a picture of the two separate baggies which contained the cocaine that was the reason for his arrest. I have attached a copy of the picture which actually shows the two torn baggies which held were evidence against Applicant at his trial, see attached Exhibit "C."

"As to Applicant's allegation in Ground Nine that his convictions were obtained and based on legally and factually insufficient evidence, Applicant could not be more wrong. After obtaining all of the evidence on Applicant's cases, I explained to him that the evidence was overwhelmingly against him. The evidence against Applicant was one of the strongest and most powerful in a criminal case that I had ever seen. Not only did Officer Jennings testify that Applicant was in possession of a controlled substance, but he also testified that he saw Applicant exercise care, custody and control over the drug when Applicant threw the two separate baggies out of his truck window. The Officer also testified that the baggies appeared to have been tampered with because they had been ripped in order to allow the drugs to fly out of the bags as the Applicant was tossing the bags out of his window. All of the arresting officer's testimony was corroborated by the videotape of the incident. Applicant's convictions, despite his allegations to the contrary, were based on legally and factually sufficient evidence.

"As to Applicant's claim in Ground Ten that his convictions were obtained due to the wrongful denial of his Motion for Change of Venue, I would submit that the Judge's denial of his Motion was proper. Applicant was well aware of the burden in Chapter Thirty-One of the Texas Code of Criminal Procedure that requires a defendant to prove that he could not receive a fair and impartial jury in Kaufman County, Texas in order to get the venue changed. He had asked me about getting a change of venue while I was preparing his case for trial and we had specifically discussed that issue. I even made a special trip back to the jail just to show Applicant that particular law so that he could read it for himself. Applicant had the burden of proving that he could not receive a fair trial and he did not prove that. None of the panel members indicated that they had prior knowledge of the Applicant or of his cases.

"As to Applicant's allegation in Ground Eleven, he claims that his convictions were obtained because the trial court failed to properly and adequately present the fact issue as to probable cause for the traffic stop to the jury. Applicant's allegation is without merit. The Judge properly denied Applicant's request. During Officer Jennings' testimony,

---

**ATTORNEY'S AFFIDAVIT - PAGE 13**

254

Exhibit C                    #5





STATE'S EXHIBIT #1

GREEN VEGETABLE MATTER BAG

MISDEMEANOR
MARIJUANA

5



8-

APPENDIX "F"

ALLEDGEDLY "TORN" COCAINE BAG

STATE'S Exhibit-I
&
Exhibit-F

2 p2 COCAINE
BAG          #5



 

# Ed Walton
## Criminal District Attorney
100 W. Mulberry
Kaufman, Texas 75142
(972) 932-4331

June 29, 2005

Carla Stone
Kaufman County Law Enforcement Center

**RE: Donald Gene Blanton, DOB 11/13/1962;** *Poss Marij 2 oz. Alt*

Dear Ms. Stone:

Please release the hold on Donald Gene Blanton for the offense of Possession of Marihuana alleged to have occurred on July 10, 2004. The State has reviewed this case and does not wish to prosecute the case.

Thank you,

Bi Hunt
Assistant District Attorney
Bar No. 24027081

EXHIBIT "G"
*19.*

Dismissed and Opinion Filed October 22, 2014



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-01324-CV

No. 05-14-01325-CV

## IN RE DONALD GENE BLANTON, Relator

Original Proceeding from the 86th Judicial District Court
Kaufman County, Texas
Trial Court Cause Nos. 23078-86, 23592-86

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice FitzGerald, and Justice Francis
Opinion by Chief Justice Wright

Relator filed this petition for writ of mandamus contending that the trial court improperly denied his motion to suppress in his 2005 trial. A grand jury indicted Donald Gene Blanton on two charges: (1) possession of cocaine in an amount less than one gram and (2) tampering with evidence. *Blanton v. State*, No. 05-05-01060-CR, 2006 WL 2036615 (Tex. App.—Dallas July 21, 2006, pet. ref'd) (mem. op., not designated for publication). The case was tried to a jury. The jury convicted him of both offenses and assessed an enhanced punishment of twenty years in the possession case and life in the tampering case. *Id.* This Court affirmed the conviction. *Id.*

Relator's petition represents an attempt to collaterally attack his criminal conviction. While the courts of appeals have concurrent mandamus jurisdiction with the court of criminal appeals in some post-conviction proceedings, *Padilla v. McDaniel*, 122 S.W.3d 805, 808 (Tex. Crim. App. 2003) (forensic DNA testing), only the court of criminal appeals has jurisdiction in

cases collaterally attacking a final judgment of conviction of a felony. *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). The intermediate courts of appeals have no original jurisdiction over petitions for habeas corpus relief in connection with criminal proceedings. TEX. GOV'T CODE ANN. § 22.221(d) (West 2004) (limiting habeas corpus jurisdiction of intermediate courts of appeals to civil matters); TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005) (granting original jurisdiction in cases seeking writs of habeas corpus in criminal cases to the court of criminal appeals, districts courts, and county courts). Because we lack jurisdiction over this original proceeding, we **DISMISS** the petition.

141324F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

–2–

A.    It was loose.

Q.    Just loose on his lap?

A.    Correct.

Q.    Later on you did a search of the cab where the driver's seat was?

A.    Yes, I did.

Q.    And what you found there was it consistent with what you had seen on his lap when he was getting out of the truck?

A.    Yes, it was.

Q.    And was it also consistent with the residue that was left in the bag that Officer Swearingen found?

A.    Yes, it was.

THE DEFENDANT:  Objection, Your Honor. We supposed to be trying this for cocaine not marijuana.

THE COURT:  Overruled.

Q.    (BY MS. HUNT)  Okay.  There was one bag that you found that you believed to have cocaine in it; is that correct?

A.    Correct.

Q.    And then one bag was found by Officer Swearingen with just residue in it?

A.    Correct.

Q.    And the residue was the green leafy residue?

the time, and the lights are going. You think he would notice it? We're not talking middle of the day, lots of cars. Only one car there. You guys can watch that yourself.

The defendant, he doesn't pull over. And he's not speeding. He's not trying to evade or anything. But he's just driving slowly. What's he doing in there? Why doesn't he pull over right away? The reason is he's in possession. He's in possession of, and you heard the testimony, the controlled substance, the cocaine, and you heard the testimony about the marijuana as well. And he's got the bags and he sees the officer and he's the only one on the road and he's got to get rid of that thing. Okay?

They're in little baggies. You can look at the evidence. You can see the bags, types of bags. You will notice that the bags that were recovered are pretty easy to stretch and pull and break. Where the little bag, the bag where the cocaine is in, it's a little tougher. Okay? Look at all of that evidence. And he's trying to get rid of it.

At some point, the siren comes on and he knows he has to pull over. But before he does that, he gets rid those two bags. He throws them out. Whether you think he meant to destroy them, or alter it, at the