

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS.
WR-91,936-03, -04, -05, -06

IN RE THE STATE OF TEXAS EX REL. KIM OGG, Relator

v.

228TH DISTRICT COURT

ON APPLICATIONS FOR WRITS OF MANDAMUS
IN THE 228TH DISTRICT COURT
FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

The Harris County District Attorney asks this Court to stay a discovery order the district court issued in several pending cases.[1] The cases are in pretrial. With the motions, the State has filed

---

[1] The underlying cases are: *Texas v. Armstrong*, Appeal Nos. 01-20-00644-CR (trial no. 1680891), 01-20-00645-CR (trial no. 1684289), and 01-20-00646-CR (trial no. 1684291) (the -05 mandamus); *Texas v. Reyna*, Appeal Nos. 01-20-00647-CR (trial no. 1680886), 01-20-00648-CR (trial no. 1680887), 01-20-00649-CR (trial no. 1680888), and 01-20-00650-CR (trial no. 1680897) (the -06 mandamus); *Texas v. Gonzales*, Appeal No. 01-20-00609-CR (trial no. 1680894) (the -03 mandamus); and *Texas v. Wood*, Appeal Nos. 01-20-00612-CR (trial no. 1680890) and 01-20-00617-CR (trial no. 1680898) (the -04 mandamus).

mandamus applications challenging the trial court's orders. Before filing in this Court, the State sought mandamus relief in the First Court of Appeals, as it is required to do. *Padilla v. McDaniel*, 122 S.W.3d 805 (Tex.Crim.App. 2003). The First Court denied relief and lifted a temporary stay of the trial court's order. The State is now properly proceeding in this Court.

According to the State, the trial court's discovery order in each case compels it to turn over material it claims is protected as work product: "Harris County District Attorney's Office Offense Reports" and "All mapping, power points, or other reports prepared by Harris County District Attorney's Office Investigator Nathaniel Gates." This Court must further consider the mandamus applications, and it appears from the facts alleged that the State could be prejudiced without a temporary stay of the trial court's order. Therefore, we order that the trial court's orders compelling discovery in these cases, issued August 28, 2020, are stayed until a final decision by this Court on the State's applications for writs of mandamus or until further order of this Court.

This Court requests the real parties in interest to file a response to the applications for writs of mandamus on or before May 17, 2021. *See* TEX. R. APP. P. 52.8, 72.


Filed: May 10, 2021

Do not publish