

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-93,160-01

### IN RE STATE OF TEXAS EX REL. K. SUNSHINE STANEK, LUBBOCK COUNTY DISTRICT ATTORNEY, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 2020-421,049
### IN THE 140TH DISTRICT COURT OF LUBBOCK COUNTY
### CAUSE NO. 07-21-00070-CV
### IN THE SEVENTH COURT OF APPEALS

NEWELL, J. delivered the opinion of the Court in which KELLER, P.J., HERVEY, RICHARDSON, YEARY, KEEL, WALKER, and MCCLURE, JJ., joined. SLAUGHTER, J., concurred.

This case involves the same facts and same legal issues resolved in the companion case, *In re City of Lubbock*, issued today. However, this case presents a procedural issue not presented in the companion case. Relator, Lubbock County District Attorney K. Sunshine Stanek, seeks mandamus relief directly from this Court without having first

sought mandamus review from the court of appeals. That Relator seeks relief from this Court first is understandable because Relator did not learn of this case until after the court of appeals delivered its opinion in the companion case. While this scenario arguably justifies the exercise of this Court's original mandamus authority, we need not do so in this case. Relator's arguments are largely the same as those presented by the City of Lubbock in the companion case, and our resolution of those arguments necessarily resolves the arguments raised in this case. Consequently, we dismiss the motion for leave to file as improvidently granted. To the extent that Relator's arguments in this case enhance the arguments raised in *In re City of Lubbock*, we will address them in that case by treating the filing in this case as an amicus brief.

## Background

The underlying facts are undisputed and are fully set out in our companion opinion *In re City of Lubbock* issued today. A Lubbock County grand jury indicted Real Party in Interest, Rodolfo Zambrano, with the offense of sexual assault of a child.[1] Through counsel, he filed an "*Ex Parte* Motion for Court Ordered Production of Documents and/or Things" from the Lubbock Police Department. That same day, Respondent,

---

[1] TEX. PENAL CODE § 22.011(a)(2).

Presiding Judge of the 140th District Court of Lubbock County, Texas issued an *ex parte* order on the motion.  The City of Lubbock, on behalf of the police department, objected to the *ex parte* nature of the proceedings and the lack of notice.

Respondent granted the City of Lubbock an *ex parte* hearing and subsequently issued an order on the Real Party in Interest's Amended *Ex Parte* Motion for In-Camera Inspection and Release of Lubbock Police Department Records.  The order commanded the City of Lubbock to produce records for in-camera inspection without notice to Relator, the other party to the criminal case.  The City of Lubbock sought a writ of mandamus in the Seventh Court of Appeals to compel Respondent to vacate its order.  The Seventh Court of Appeals denied the City of Lubbock's petition.

Once the court of appeals' opinion became public, Relator became aware of this discovery dispute.  She then sought a writ of mandamus with this Court invoking our constitutional authority to issue writs of mandamus in criminal law matters.[2]  Unlike the City of Lubbock,

---

[2] TEX. CONST. art. V, § 5.

however, Relator first sought relief in this Court rather than in the Seventh Court of Appeals.

## Mandamus Jurisdiction and *Padilla v. McDaniel*

In 1983, the Legislature passed the following legislation:

"An act relating to the jurisdiction of the supreme court and the courts of appeals in certain civil cases and the issuance of the writ of mandamus by the courts of appeals or the justices."

which expanded the Texas courts of appeals' mandamus jurisdiction in civil cases.[3] It gave the courts of appeals general mandamus authority to enforce their jurisdictions, and general mandamus authority against district and county judges in their districts.[4] This Court held in 1987 that the 1983 act also gave the courts of appeals mandamus jurisdiction in criminal law matters that is concurrent with this Court's jurisdiction.[5]

---

[3] Act of June 19, 1983, 68th Leg., R.S., ch. 839, § 3, 1983 Tex. Gen. Laws 4767, 4768–69. The statute as amended, now reads:

"Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a:

(1)    judge of a district or county court in the court of appeals district; or

(2)    judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district."

Tex. Gov't Code § 22.221(b).

[4] *Id.*

[5] *Dickens v. Ct. of Appeals for Second Supreme Jud. Dist. of Texas*, 727 S.W.2d 542 (Tex. Crim. App. 1987).

In *Padilla v. McDaniel*, we held that when a court of appeals and this Court have concurrent, original jurisdiction over a petition for a writ of mandamus against the judge of a district or county court, the petition should be presented first to the court of appeals unless there is a compelling reason not to do so.[6]

## Discussion

*Padilla* made clear that this Court will not entertain an application for mandamus relief unless the Relator has first sought relief from an intermediate court of appeals, absent a compelling reason.[7]  Relator was not aware of the mandamus proceedings until the court of appeals issued its opinion.  Relator argues that this is the type of exceptional circumstance under which we should exercise our original mandamus authority because the court of appeals has already heard and ruled on this claim.  Under these circumstances it seems unreasonable to require Relator to start over and seek another opinion from the court of appeals. Relator's point is well-taken.

---

[6] *Padilla v. McDaniel*, 122 S.W.3d 805, 808 (Tex. Crim. App. 2003).

[7] *Id.*

However, while Relator and the City of Lubbock frame their respective issues for review differently,[8] both Relator and the City of Lubbock are asking for review of the same court of appeals decision (and by extension the same trial court order) rather than seeking mandamus relief on different matters.  Further, the arguments raised by Relator significantly overlap those raised by the City of Lubbock on what is the dispositive issue in the case, the propriety of the *ex parte* nature of the hearing and order at issue.  Accordingly, we can resolve the issues presented by Relator through consideration of the request for mandamus in the City of Lubbock's companion case, decided today.[9] And to the extent that Relator's arguments enhance those advanced by the City of Lubbock in the companion case, we can consider those by treating Relator's filing as an amicus brief.  Consequently, we dismiss

---

[8] Relator's issue presented reads:

"Whether trial courts have unlimited inherent authority to silence and compel third parties to produce discovery in a criminal case while operating completely outside of statutorily provided procedures, while purposefully excluding the State of Texas, a natural and necessary party to all criminal cases, from the dispute."

City of Lubbock's issue presented reads:

"Are Articles 24.02 and 39.14 of the Texas Code of Criminal Procedure the exclusive means by which a party may seek the discovery of relevant information under the control of a third party?"

[9] *See In re City of Lubbock*, No. WR-93,137-01, slip op. at 12 (Tex. Crim. App. January 25, 2023).

the motion for leave to file as improvidently granted. We treat Relator's petition for mandamus relief as an amicus brief because it seeks the same relief sought by the City of Lubbock in the companion case decided today.

Filed: February 8, 2023

Publish