**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed March 26, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00196-CR

---

### IN RE BRETT DAVID BOGUS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1433472-A**

---

## MEMORANDUM OPINION

On December 23, 2019, relator Brett David Bogus filed a petition for writ of mandamus in this court. See Tex. Gov't Code Ann. § 22.221; see also Tex. R. App. P. 52. In the petition, relator complains that the Honorable Nikita V. Harmon, presiding judge of the 176th District Court of Harris County, has not appointed counsel or an investigator in a habeas corpus proceeding.

Relator filed a post-conviction application for habeas corpus in the trial court, which forwarded the application to the Texas Court of Criminal Appeals. On November 20, 2019, the Court of Criminal Appeals issued an order, remanding the application to the trial court to complete an evidentiary investigation and enter findings of fact and conclusions of law. *See Ex parte Bogus*, No. WR-90,434-01, 2019 WL 6139093 (Tex. Crim. App. Nov. 20, 2019) (order, not designated for publication). The Court of Criminal Appeals further directed that the issues shall be resolved within 90 days of the court's order and a supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition and the trial court's supplemental findings of facts and conclusions of law be forwarded to that court within 120 days of the order. *Id.*

Relator's petition makes various complaints regarding actions or inactions of the trial court, the court coordinator, and the district clerk in his pending post-conviction habeas proceeding. We have no jurisdiction to grant the relief requested by relator with respect to a pending article 11.07 writ. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (indicating that the Texas Court of Criminal Appeals has exclusive jurisdiction when an article 11.07 application is pending). We have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under article 11.07. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Relator previously filed a similar petition for writ of mandamus that this court dismissed for lack of jurisdiction. *In re Bogus*, No. 14-19-01007-CR, 2020 WL 372893 (Tex. App.—Houston [14th Dist.] Jan. 23, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication).

2

Relator argues that this court has concurrent jurisdiction with the Court of Criminal Appeals to compel a trial court to appoint counsel for relator, citing *Padilla v. McDaniel*, 122 S.W.3d 805 (Tex. Crim. App. 2003) (orig. proceeding). In *Padilla*, the Court of Criminal Appeals held that the court of appeals had jurisdiction of a petition for writ of mandamus seeking to compel the trial court to appoint counsel to represent the relator in a motion for forensic DNA testing as provided for by article 64.01 of the Texas Code of Criminal Procedure. *Id.* at 806–08. *Padilla* does not apply here because the record does not show that relator has filed or is seeking counsel for a motion for forensic DNA testing. *See In re Jones*, No. 05-16-00107-CV, 2016 WL 620113, at *1 (Tex. App.—Dallas Feb. 16, 2016, orig. proceeding) (mem. op.).

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Bourliot, Hassan, and Zimmerer.
Do Not Publish — Tex. R. App. P. 47.2(b).